IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR MARION COUNTY, FLORIDA

SHARI KUHN,

        Plaintiff,

vs.

Case No. 13 CA 3051

RASMUSSEN, INC., f/k/a Rasmussen
College, Inc., d/b/a Rasmussen College
and RASMUSSEN COLLEGE, INC.,
d/b/a Rasmussen College,

        Defendant.

_____/

### PLAINTIFF'S COMPLAINT

Plaintiff Shari Kuhn (hereinafter "Plaintiff"), by and through her undersigned counsel, hereby files this suit against Defendant Rasmussen, Inc., f/k/a Rasmussen College, Inc., d/b/a Rasmussen College and Defendant Rasmussen College, Inc., f/k/a Rasmussen College, Inc., d/b/a Rasmussen College (collectively "Defendants"), and alleges as follows:

### NATURE OF CLAIMS

1. This is an action to redress the deprivation of rights secured to Plaintiff by the Florida Civil Rights Act (hereinafter "FCRA"), FLA. STAT. §§ 760.01 *et seq.*, and Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII"), as amended by the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e *et seq.*

### STATUTORY PREREQUISITES TO SUIT

2. Plaintiff has exhausted her administrative remedies and complied with all statutory prerequisites to maintaining the claims asserted herein as required by the FCRA and Title VII. (*See* Exhibit A). Further, Plaintiff has performed and fulfilled all conditions precedent to maintaining the claims asserted herein as required by the FCRA and Title VII. (*See id.*).

## GENERAL ALLEGATIONS

3. This is an action for damages in excess of fifteen thousand (15,000) dollars, exclusive of interest and costs.

4. The alleged acts giving rise to this action were committed in Marion County, Florida, within the jurisdiction of the Circuit Court for the Fifth Judicial Circuit in and for Marion County, Florida.

5. At all times material hereto, Plaintiff is a citizen of Ohio.

6. In documents filed with the Florida Department of State, Division of Corporations, Defendant Rasmussen, Inc. (hereinafter "Rasmussen") identifies itself as a Delaware corporation, lists 1415 W. 22nd Street, Suite 400, Oak Brook, Illinois 60523 as its principal address, and states that it was formerly known as Rasmussen College, Inc. Rasmussen transacts business under the assumed or fictitious name of Rasmussen College. Rasmussen has an office for transaction of its customary business, and has an agent or other representative, in Marion County, Florida.

7. In documents filed with the Florida Department of State, Division of Corporations, Defendant Rasmussen College, Inc. (hereinafter "Rasmussen College") identifies itself as a Delaware corporation and lists 1415 W. 22nd Street, Suite 400, Oak Brook, Illinois 60523 as its principal address. Rasmussen College transacts business under the assumed or fictitious name of Rasmussen College. Rasmussen College has an office for transaction of its customary business, and has an agent or other representative, in Marion County, Florida.

8. Plaintiff, who is female, is a member of a class protected against sex discrimination by the FCRA and Title VII.

9. At all times material hereto, Rasmussen was a person within the meaning of the FCRA, FLA. STAT. § 760.02(6), employing fifteen or more employees for each working day in

2

each of twenty or more calendar weeks in the current or preceding calendar year. As such, Rasmussen was an employer within the meaning the FCRA, FLA. STAT. § 760.02(7).

10. At all times material hereto, Rasmussen was a person within in the meaning of Title VII, 42 U.S.C. § 2000e(a), engaged in an industry affecting commerce who had fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. As such, Rasmussen was an employer within the meaning of Title VII, 42 U.S.C. § 2000e(b).

11. At all times material hereto, Rasmussen College was a person within the meaning of the FCRA, FLA. STAT. § 760.02(6), employing fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. As such, Rasmussen College was an employer within the meaning the FCRA, FLA. STAT. § 760.02(7).

12. At all times material hereto, Rasmussen College was a person within in the meaning of Title VII, 42 U.S.C. § 2000e(a), engaged in an industry affecting commerce who had fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. As such, Rasmussen College was an employer within the meaning of Title VII, 42 U.S.C. § 2000e(b).

### COUNT I: HOSTILE ENVIRONMENT HARSSMENT UNDER FCRA AGAINST RASMUSSEN

13. Plaintiff hereby restates the allegations contained in paragraphs two through twelve as though stated fully and completely herein.

14. This claim for hostile work environment sexual harassment is asserted against Rasmussen pursuant to the FCRA.

15. At all times material hereto, Plaintiff was an employee of Rasmussen for purposes of the FCRA and Title VII. As an employee of Rasmussen within the meaning of the FCRA and

3

Title VII, Plaintiff was protected against discrimination on the basis of sex with respect to the compensation, terms, conditions, or privileges of her employment.

16. At all times material hereto, Rasmussen was Plaintiff's employer for purposes of the FCRA and Title VII. As her employer within the meaning of the FCRA and Title VII, Rasmussen was prohibited from discriminating against Plaintiff because of sex with respect to the compensation, terms, conditions, or privileges of her employment.

17. Plaintiff's employment with Rasmussen began in September 2006 and continued until October 2012.

18. At all times material hereto, Jacob Oakie (hereinafter "Oakie") was a non-employee of Rasmussen. On information and belief, Oakie had a sister who was a student at Rasmussen.

19. While Plaintiff was in Rasmussen's workplace and acting within the scope of her employment with Rasmussen, Oakie continuously and persistently subjected to sexual advances, verbal conduct of a sexual nature, and physical conduct of a sexual nature. Oakie's continuous and persistent sexually harassing behavior towards Plaintiff included, but was not limited to: engaging in stalking behavior by continuously and persistently calling the workplace and coming to the workplace; continuously and persistently making obscene sexually harassing remarks on the telephone to Plaintiff, such as remarking about wanting to have sexual intercourse with Plaintiff, remarking about the performance of sexual acts by Plaintiff with him, breathing heavily, and verbally depicting engaging in sexual acts; continuously and persistently coming to the workplace, including repeatedly asking Plaintiff for directions to Rasmussen's restroom. The unwanted hostile work environment sexual harassment by Oakie also included sexually harassing behavior towards other women in the workplace which contributed to the overall hostility of the working environment for Plaintiff.

4

20. In July 2012, after having continuously and persistently subjected Plaintiff to sexually harassing behavior since 2006 while Plaintiff was in Rasmussen's workplace and acting within the scope of her employment with Rasmussen, Oakie was arrested for stalking.

21. The sexually harassing behavior was unwelcome in that it was uninvited and undesired by Plaintiff. Plaintiff indicated by her conduct that the harassment was unwelcome by refusing to submit to and rejecting the sexual advances. Plaintiff further indicated by her conduct that the harassment was unwelcome by complaining to management about the behavior.

22. The harassment of Plaintiff occurred because of her sex. The harassing behavior targeted at Plaintiff was explicitly sexual and involved sexual conduct. Further, Oakie did not subject male employees to the same harassing behavior. Thus, Plaintiff was subjected to disadvantageous terms and conditions of employment to which members of the other sex were not subjected. As such, the harassment constituted discrimination on the basis of Plaintiff's sex.

23. The harassment was so severe and/or pervasive that it altered the compensation, terms, conditions or privileges of Plaintiff's employment by creating a work environment which Plaintiff perceived as hostile or abusive. Plaintiff felt uncomfortable, embarrassed and intimidated at work. Thus, the harassing behavior directed towards Plaintiff was offensive to her personally and directly affected her working environment.

24. The harassment was so severe and/or pervasive that it altered the compensation, terms, conditions or privileges of Plaintiff's employment by creating a working environment which a reasonable person, considering all of the circumstances, would have found hostile or abusive. The harassment was physically threatening and intimidating in that Plaintiff was subjected to stalking behavior in the workplace. The harassment was pervasive and humiliating in the Plaintiff was repeatedly the target of explicit sexual conduct. Further, the cumulative effect of the harassment unreasonably interfered with Plaintiff's work performance by making it

5

more difficult to do her job.

25. Rasmussen knew and/or should have known of the harassing behavior towards Plaintiff. Rasmussen had actual knowledge because Plaintiff complained to management about the harassment. Further, under the totality of circumstances, the harassment of Plaintiff was so pervasive as to provide Rasmussen with constructive knowledge of the harassment. Despite having actual and/or constructive knowledge of the harassing behavior towards Plaintiff, Rasmussen unreasonably failed to take prompt, appropriate, and effective remedial action to stop the harassment. Rasmussen's unreasonable failure to take prompt, appropriate, and effective remedial action to stop the harassment amounted to an explicit and/or implicit requirement that Plaintiff endure the sexually harassing behavior as an essential part of her job. As such, Rasmussen is directly liable for the sexual harassment because of its failure to take prompt, appropriate, and effective remedial action upon receiving notice of the harassing behavior.

26. As a proximate result of the aforementioned intentional discriminatory acts of Rasmussen, Plaintiff has suffered damages, including, but not limited to, the following: lost wages, income, and employment benefits; emotional pain, suffering, mental anguish, loss of enjoyment of life, and dignitary injury.

27. The aforementioned intentional discriminatory acts of Rasmussen, give rise to a cause of action under the FCRA. In particular, the FCRA forbids discrimination against any employee on the basis of sex with respect to the compensation, terms, conditions, or privileges of employment.

28. The aforementioned intentional discriminatory acts of Rasmussen were performed with malice or with reckless indifference to Plaintiff's protected civil rights.

29. If Plaintiff prevails on her FCRA claim, resulting in vindication of her civil rights, then Plaintiff is entitled to a reasonable attorney's fee pursuant to the FCRA.

6

WHEREFORE, Plaintiff prays this Honorable Court grant the following relief: an order declaring that Rasmussen violated Plaintiff's rights under the FCRA; an order for compensatory damages for emotional pain, suffering, mental anguish, loss of enjoyment of life, dignitary injury, and other non-pecuniary losses; an order for back pay, including the economic value of lost employment benefits and interest on back pay; an order for front pay, including interest on front pay, or for reinstatement in lieu of front pay; an order for punitive damages as allowed by law; an order for reasonable attorney's fees (including expert fees) and costs; an order enjoining Rasmussen from engaging in any such unlawful employment practice under the FCRA, and for any other affirmative action or equitable relief as the Court deems appropriate; and for other and further relief as the Court deems just and proper.

### COUNT II: HOSTILE ENVIRONMENT HARASSMENT UNDER TITLE VII AGAINST RASMUSSEN

30. Plaintiff hereby restates the allegations contained in paragraphs two through twelve, along with the allegations in paragraphs fifteen through twenty-six, as though stated fully and completely herein.

31. This claim for hostile work environment sexual harassment is asserted against Rasmussen pursuant to Title VII.

32. By and through acts alleged more specifically in Count I, Rasmussen intentionally discriminated against Plaintiff on the basis of sex with respect to the compensation, terms, conditions, or privileges of her employment.

33. As a proximate result of the aforementioned intentional discriminatory acts of Rasmussen, Plaintiff has suffered damages as alleged more specifically in paragraph twenty-three.

34. The aforementioned intentional discriminatory acts of Rasmussen give rise to a cause of action under Title VII. In particular, Title VII forbids discrimination against any

7

employee on the basis of sex with respect to the compensation, terms, conditions, or privileges of employment.

35. The aforementioned intentional discriminatory acts of Rasmussen were performed with malice or with reckless indifference to Plaintiff's protected civil rights.

36. If Plaintiff prevails on her Title VII claim, resulting in vindication of her civil rights, then Plaintiff is entitled to a reasonable attorney's fee pursuant to Title VII.

WHEREFORE, Plaintiff prays this Honorable Court grant the following relief: an order declaring that Rasmussen violated Plaintiff's rights under Title VII; an order for compensatory damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, dignitary injury, and other non-pecuniary losses; an order for back pay, including the economic value of lost employment benefits and interest on back pay; an order for front pay, including interest on front pay; an order for punitive damages as allowed by law; an order for reasonable attorney's fees (including expert fees) and costs; an order enjoining Rasmussen from engaging in such unlawful employment practice under Title VII, and for any other affirmative action or equitable relief as the Court deems appropriate; and for other and further relief as the Court deems just and proper.

### COUNT III: HOSTILE ENVIRONMENT HARASSMENT UNDER FCRA AGAINST RASMUSSEN COLLEGE

37. Plaintiff hereby restates the allegations contained in paragraphs two through twelve as though stated fully and completely herein.

38. This claim for hostile work environment sexual harassment is asserted against Rasmussen College pursuant to the FCRA. Further, this claim and the allegations herein are asserted in the alternative to the claim against Rasmussen in Count I.

39. If Plaintiff was not an employee of Rasmussen within the meaning of the FCRA and Title VII, then Plaintiff was an employee of Rasmussen College for purposes of the FCRA

8

and Title VII. As an employee of Rasmussen College for purposes of the FCRA and Title VII, Plaintiff was protected against discrimination because of sex with respect to the compensation, terms, conditions, or privileges of her employment.

40. If Rasmussen was not the employer of Plaintiff within the meaning of the FCRA and Title VII, then Rasmussen College was the employer of Plaintiff for purposes of the FCRA and Title VII. As her employer for purposes of the FCRA and Title VII, Rasmussen College was prohibited from discriminating against Plaintiff because of sex with respect to the compensation, terms, conditions, or privileges of her employment.

41. Plaintiff's employment with Rasmussen College began in September 2006 and continued until October 2012.

42. At all times material hereto, Jacob Oakie (hereinafter "Oakie") was a non-employee of Rasmussen College. On information and belief, Oakie had a sister who was a student at Rasmussen College.

43. While Plaintiff was in Rasmussen College's workplace and acting within the scope of her employment with Rasmussen College, Oakie continuously and persistently subjected to sexual advances, verbal conduct of a sexual nature, and physical conduct of a sexual nature. Oakie's continuous and persistent sexually harassing behavior towards Plaintiff included, but was not limited to: engaging in stalking behavior by continuously and persistently calling the workplace and coming to the workplace; continuously and persistently making obscene sexually harassing remarks on the telephone to Plaintiff, such as remarking about wanting to have sexual intercourse with Plaintiff, remarking about the performance of sexual acts by Plaintiff with him, breathing heavily, and verbally depicting engaging in sexual acts; continuously and persistently coming to the workplace, including repeatedly asking Plaintiff for directions to Rasmussen College's restroom. The unwanted hostile work environment sexual

9

harassment by Oakie also included sexually harassing behavior towards other women in the workplace which contributed to the overall hostility of the working environment for Plaintiff.

44. In July 2012, after having continuously and persistently subjected Plaintiff to sexually harassing behavior since 2006 while Plaintiff was in Rasmussen College's workplace and acting within the scope of her employment with Rasmussen College, Oakie was arrested for stalking.

45. The sexually harassing behavior was unwelcome in that it was uninvited and undesired by Plaintiff. Plaintiff indicated by her conduct that the harassment was unwelcome by refusing to submit to and rejecting the sexual advances. Plaintiff further indicated by her conduct that the harassment was unwelcome by complaining to management about the behavior.

46. The harassment of Plaintiff occurred because of her sex. The harassing behavior targeted at Plaintiff was explicitly sexual and involved sexual conduct. Further, Oakie did not subject male employees to the same harassing behavior. Thus, Plaintiff was subjected to disadvantageous terms and conditions of employment to which members of the other sex were not subjected. As such, the harassment constituted discrimination on the basis of Plaintiff's sex.

47. The harassment was so severe and/or pervasive that it altered the compensation, terms, conditions or privileges of Plaintiff's employment by creating a work environment which Plaintiff perceived as hostile or abusive. Plaintiff felt uncomfortable, embarrassed and intimidated at work. Thus, the harassing behavior directed towards Plaintiff was offensive to her personally and directly affected her working environment.

48. The harassment was so severe and/or pervasive that it altered the compensation, terms, conditions or privileges of Plaintiff's employment by creating a working environment which a reasonable person, considering all of the circumstances, would have found hostile or abusive. The harassment was physically threatening and intimidating in that Plaintiff was

10

subjected to stalking behavior in the workplace. The harassment was pervasive and humiliating in the Plaintiff was repeatedly the target of explicit sexual conduct. Further, the cumulative effect of the harassment unreasonably interfered with Plaintiff's work performance by making it more difficult to do her job.

49. Rasmussen College knew and/or should have known of the harassing behavior towards Plaintiff. Rasmussen College had actual knowledge because Plaintiff complained to management about the harassment. Further, under the totality of circumstances, the harassment of Plaintiff was so pervasive as to provide Rasmussen College with constructive knowledge of the harassment. Despite having actual and/or constructive knowledge of the harassing behavior towards Plaintiff, Rasmussen College unreasonably failed to take prompt, appropriate, and effective remedial action to stop the harassment. Rasmussen College's unreasonable failure to take prompt, appropriate, and effective remedial action to stop the harassment amounted to an explicit and/or implicit requirement that Plaintiff endure the sexually harassing behavior as an essential part of her job. As such, Rasmussen College is directly liable for the sexual harassment because of its failure to take prompt, appropriate, and effective remedial action upon receiving notice of the harassing behavior.

50. As a proximate result of the aforementioned intentional discriminatory acts of Rasmussen College, Plaintiff has suffered damages, including, but not limited to, the following: lost wages, income, and employment benefits; emotional pain, suffering, mental anguish, loss of enjoyment of life, and dignitary injury.

51. The aforementioned intentional discriminatory acts of Rasmussen College, give rise to a cause of action under the FCRA. In particular, the FCRA forbids discrimination against any employee on the basis of sex with respect to the compensation, terms, conditions, or privileges of employment.

11

52. The aforementioned intentional discriminatory acts of Rasmussen College were performed with malice or with reckless indifference to Plaintiff's protected civil rights.

53. If Plaintiff prevails on her FCRA claim, resulting in vindication of her civil rights, then Plaintiff is entitled to a reasonable attorney's fee pursuant to the FCRA.

WHEREFORE, Plaintiff prays this Honorable Court grant the following relief: an order declaring that Rasmussen College violated Plaintiff's rights under the FCRA; an order for compensatory damages for emotional pain, suffering, mental anguish, loss of enjoyment of life, dignitary injury, and other non-pecuniary losses; an order for back pay, including the economic value of lost employment benefits and interest on back pay; an order for front pay, including interest on front pay, or for reinstatement in lieu of front pay; an order for punitive damages as allowed by law; an order for reasonable attorney's fees (including expert fees) and costs; an order enjoining Rasmussen College from engaging in any such unlawful employment practice under the FCRA, and for any other affirmative action or equitable relief as the Court deems appropriate; and for other and further relief as the Court deems just and proper.

### COUNT IV: HOSTILE ENVIRONMENT HARASSMENT UNDER TITLE VII AGAINST RASMUSSEN COLLEGE

54. Plaintiff hereby restates the allegations contained in paragraphs two through twelve, along with the allegations in paragraphs thirty-nine through fifty, as though stated fully and completely herein.

55. This claim for hostile work environment sexual harassment is asserted against Rasmussen College pursuant to Title VII. Further, this claim and the allegations herein are asserted in the alternative to the claim against Rasmussen in Count II.

56. By and through acts alleged more specifically in Count III, Rasmussen College intentionally discriminated against Plaintiff on the basis of sex with respect to the compensation, terms, conditions, or privileges of her employment.

12

57. As a proximate result of the aforementioned intentional discriminatory acts of Rasmussen College, Plaintiff has suffered damages as alleged more specifically in paragraph fifty.

58. The aforementioned intentional discriminatory acts of Rasmussen College give rise to a cause of action under Title VII. In particular, Title VII forbids discrimination against any employee on the basis of sex with respect to the compensation, terms, conditions, or privileges of employment.

59. The aforementioned intentional discriminatory acts of Rasmussen College were performed with malice or with reckless indifference to Plaintiff's protected civil rights.

60. If Plaintiff prevails on her Title VII claim, resulting in vindication of her civil rights, then Plaintiff is entitled to a reasonable attorney's fee pursuant to Title VII.

WHEREFORE, Plaintiff prays this Honorable Court grant the following relief: an order declaring that Rasmussen College violated Plaintiff's rights under Title VII; an order for compensatory damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, dignitary injury, and other non-pecuniary losses; an order for back pay, including the economic value of lost employment benefits and interest on back pay; an order for front pay, including interest on front pay; an order for punitive damages as allowed by law; an order for reasonable attorney's fees (including expert fees) and costs; an order enjoining Rasmussen College from engaging in such unlawful employment practice under Title VII, and for any other affirmative action or equitable relief as the Court deems appropriate; and for other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands pursuant to FLA. R. CIV. P. 1.430 a trial by jury on all issues so triable.

Dated: September 20, 2013                    Respectfully submitted,


/s/ James Tarquin
James P. Tarquin
Florida Bar No. 906190
Mark Dillman
Florida Bar No. 0276250
JAMES P. TARQUIN, P.A.
1111 N.E. 25th Avenue, Suite 501
Ocala, Florida 34470
Telephone: (352) 401-7671
Facsimile: (352) 401-7673
tarquinlawoffice@aol.com
Attorneys for Plaintiff

14

**EXHIBIT A**

EEOC Form 161 (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**DISMISSAL AND NOTICE OF RIGHTS**

To: Shari Kuhn
10171 Sw 97th Avenue
Ocala, FL 34481

From: Miami District Office
Miami Tower, 100 S E 2nd Street
Suite 1500
Miami, FL 33131

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

EEOC Charge No.: 510-2012-04953

EEOC Representative: Yolanda Ramirez, Investigator

Telephone No.: (305) 808-1767

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

**- NOTICE OF SUIT RIGHTS -**
(See the additional information attached to this form.)

Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act: This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

Equal Pay Act (EPA): EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

Malcolm S. Medley,
District Director

6-26-13
(Date Mailed)

Enclosures(s)

cc: Susan K. McKenna, Esq.
Attorney At Law
JACKSON LEWIS, LLP
390 North Orange Avenue
Suite 1285
Orlando, FL 32801

Mark Dillman, Esq.
1111 NE 25TH AVENUE
Suite 501
Ocala, FL 34470